# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT MICHAEL HERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79720

FILED

DEC 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction motion to modify a sentence. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Robert Hernandez argues that legislative history shows that the Legislature mistakenly omitted a provision limiting an elder-enhancement penalty, so the since-amended enhancement statute's plain meaning led to an absurd result in his case, and the district court erred by denying his motion to modify his sentence.

We review statutory-construction issues de novo, *Castaneda v. State*, 132 Nev. 434, 437, 373 P.3d 108, 110 (2016), and interpret unambiguous statutory language by its plain meaning unless doing so would lead to an unreasonable or absurd result, *Newell v. State*, 131 Nev. 974, 977, 364 P.3d 602, 603-04 (2015).

In its order denying Hernandez's motion, the district court concluded that it could not resort to legislative history because NRS 193.167 (2013) was unambiguous. 2013 Nev. Stat., ch. 110, § 1, at 390. Although Hernandez need not prove that the statute is ambiguous if he can instead prove that its plain meaning would have led to an absurd result, he cannot use the legislative history to do so, but only the statute's *plain meaning*.

20-46308

*See Newell*, 131 Nev. at 977, 364 P.3d at 604 ("[W]hen the 'literal, plain meaning interpretation' leads to an unreasonable or absurd result, this court may look to other sources for the statute's meaning." (quoting *State v. Friend*, 118 Nev. 115, 120, 40 P.3d 436, 439 (2002))). The legislative history is available for consideration only *after* he establishes an absurd result.

In any case, NRS 193.167 (2013)'s plain meaning would not have led to an absurd result. The maximum penalty for the enhancement was and remains a 20-year prison term, *compare* NRS 193.167(1), *with* NRS 193.167(1) (2013), and the minimum penalty for robbery was, *see* 1995 Nev. Stat., ch. 443, § 60, at 1187-88, and remains a 2-year term, NRS 200.380(2). Before the Legislature added the must-not-exceed provision in 2017, the enhancement penalty could have hypothetically exceeded the penalty for the underlying robbery by as much as 18 years. Such a result may have been unusual but not absurd. *See, e.g., Crooks v. Harrelson*, 282 U.S. 55, 60 (1930) (explaining that an absurd result "must be so gross as to shock the general moral or common sense" in order to justify departure from plain-meaning interpretation, which will happen "only under rare and exceptional circumstances"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. James E. Wilson, District Judge
The Law Office of Kristina Wildeveld & Associates
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk